**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

GEORGE D. GATES,                        :

                    Civil Action No. 03-6058 (RBK)

          Petitioner,      :

          v.                :      **OPINION**

WARDEN C.J. DeROSA, et al.,      :

          Respondents.     :


**APPEARANCES:**

| Petitioner pro se | Counsel for Respondents |
|---|---|
| George D. Gates | John Andrew Ruymann, Esq. |
| F.C.I. Fort Dix | Asst. U.S. Attorney |
| Unit 5703 East | 402 East State Street |
| P.O. Box 2000 | Room 430 |
| Fort Dix, NJ 08640 | Trenton, NJ 08608 |

**KUGLER**, District Judge

Petitioner George D. Gates, a prisoner currently confined at the Federal Correctional Institution at Fort Dix, New Jersey, has submitted a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241.[1]  The respondents are the United States Parole Commission and Warden C.J. DeRosa.

_____

[1] Section 2241 provides in relevant part:

(a) Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions.
(c) The writ of habeas corpus shall not extend to a prisoner unless-- ... (3) He is in custody in violation of the Constitution or laws or treaties of the United States ... .

I.   BACKGROUND[2]

On February 21, 1985, Petitioner was sentenced by the U.S. District Court for the District of Columbia to a 30-year (later reduced to 20-year) term of imprisonment for drug conspiracy, manufacturing a controlled substance, and possession with intent to distribute a controlled substance.  The U.S. Parole Commission (the "Commission") paroled him from this sentence on October 12, 1993, and he was to remain under parole supervision until January 12, 2005.

On September 30, 1998, while on parole, Petitioner was arrested on federal drug charges in New York and was released on bond on the same date.  Thereafter, on November 24, 1998, the Commission issued a Warrant (the "parole violator warrant") charging Petitioner with violating the terms of his parole.  The Commission provided this parole violator warrant to the U.S. Marshals Service with a cover memo containing instructions for its execution.  The cover memo included the following note.

> Please assume custody as soon as possible or when located.  NOTE: If the parolee is already in the custody of federal or state authorities, do not execute this warrant.  Place a detainer and notify the Commission for further instructions.  *Do not execute the warrant if the parolee is released on bond.*  Also, if a criminal arrest warrant has been issued for this parolee, execution of such criminal warrant shall take precedence and the Parole Commission is to be notified before its warrant may be executed.

---

[2] The material facts are undisputed.

2

(Italics in original.)  The Commission supplemented its parole violator warrant twice.

On July 14, 1999, in connection with the pending criminal charges, the U.S. District Court for the Southern District of New York issued an arrest warrant for Petitioner.[3]  The U.S. Marshals Service took Petitioner into custody on October 27, 1999. Prisoner tracking documents generated by the U.S. Marshal Service from the District of Maryland suggest that Petitioner was arrested pursuant to both the Commission's parole violator warrant and the criminal arrest warrant.  However, the Commission's official parole file for Petitioner does not contain a return of the parole violator warrant by the U.S. Marshals Service, as would be customary.  Thus, it is not clear whether Petitioner was arrested on October 27, 1999, pursuant to the parole violator warrant.

Twenty days later, on November 17, 1999, Petitioner was brought to the U.S. District Court in the Southern District of New York for a detention hearing, at which time he was ordered detained.  On March 19, 2001, following his conviction for

_____

[3] Petitioner argues that the District Court did not issue an arrest warrant, and he was not taken into custody pursuant to any arrest warrant in the criminal case, based in part upon the absence of a copy of the warrant in the record provided by Respondents.  (Petitioner's Reply at 8-10.)  This Court takes judicial notice of the docket of Petitioner's criminal matter in the Southern District of New York, United States v. Gates, 98-cr-1496 (LMM), which reflects that an arrest warrant was issued for Petitioner on July 14, 1999.  (Docket Entry No. 21.)

3

conspiracy to distribute heroin, Petitioner was sentenced to 120 months imprisonment to be followed by eight years supervised release.  The trial judge recommended to the sentencing judge of Petitioner's parole violation that his sentence run concurrent with the new criminal sentence.

According to the sentence computation data for Petitioner's present federal sentence, he received jail credit towards this sentence from September 23, 1998 through September 30, 1998, and from October 27, 1999, through March 18, 2001.  The parole violator warrant has been placed as a detainer, at FCI Fort Dix, against Petitioner while he completes service of his sentence imposed March 19, 2001.  The Commission's parole violator warrant is to be executed when Petitioner is released from his present term of imprisonment, which is anticipated to be on or about July 4, 2008, pursuant to good conduct release.

Petitioner has filed this Petition for writ of habeas corpus, pursuant to 28 U.S.C. § 2241, alleging that he was taken into custody under the parole violator warrant on October 27, 1999, and Respondents have violated his right to a prompt revocation hearing.

Respondents have answered, and Petitioner has filed a Reply, making this matter ripe for determination.

4

II.   <u>ANALYSIS</u>

Admittedly, the arrest of a parolee as a parole violator triggers certain due process protections, including certain hearing rights.  <u>See</u>, <u>e.g.</u>, <u>Morrissey v. Brewer</u>, 408 U.S. 471, 485 (1972).  The question whether the Commission unlawfully denied Petitioner a prompt revocation and whether the detainer must be vacated turns, here, on whether the parole violator warrant was executed on October 27, 1999, or, more precisely, on whether any such purported execution of the warrant was valid.

It is well established that the erroneous execution of a parole violator warrant contrary to the instructions of the Parole Commission is invalid; such a warrant can be withdrawn, placed as a detainer, and executed again at a later date.  <u>See</u>, <u>e.g.</u>, <u>Barnard v. Henman</u>, 89 F.3d 373 (7th Cir. 1996); <u>Chandler v. Barncastle</u>, 919 F.2d 23 (5th Cir. 1990); <u>McConnell v. Martin</u>, 896 F.,2d 441 (10th Cir.), <u>cert. denied</u>, 498 U.S. 861 (1990); <u>United States v. Cox</u>, 475 F.2d 836 (9th Cir. 1973).  <u>See also</u>, <u>Curtis v. United States</u>, 123 Fed.Appx. 179, 2005 WL 89057 (6th Cir. March 29, 2005) (unpubl.).  Petitioner has not cited, and this Court has not located, any case to the contrary.  This Court finds persuasive the reasoning of the Courts that have addressed the issue.  Moreover, it is of no moment that the instructions were contained on the cover memo, rather than on the face of the

parole violator warrant.  See, e.g., Sinclair v. Henman, 986 F.2d 407 (10th Cir. 1993); Chandler v. Barncastle, 919 F.2d 23.

It is clear that any purported execution of the parole violator warrant, while Petitioner was released on bond on pending federal criminal charges and while a criminal arrest warrant had been issued, was contrary to the explicit instructions of the Commission and invalid.  Thus, the duty to hold a revocation hearing was never triggered, and Petitioner has not been deprived of due process.

### III.   CONCLUSION

For the reasons set forth above, the Petition will be denied.  An appropriate order follows.

S/Robert B. Kugler
Robert B. Kugler
United States District Judge

Dated: February 28, 2006